RHODES and another, Plaintiffs, vs. SHAWANO TRANSFER COMPANY and others, Defendants: HANSEN and others, Impleaded Defendants. [Two appeals.]

*November 28, 1949—February 7, 1950.*

292

For the plaintiffs there were briefs by *Davis, Soquet & Davis* of Green Bay, and oral argument by *M. E. Davis, Jr.*

For the defendants there were briefs by *Bie, Welsh, Trowbridge & Wilmer,* and oral argument by *Lloyd J. Planert,* all of Green Bay.

For the impleaded defendants there were briefs by *Everson, Ryan, Whitney & O'Melia* of Green Bay, and oral argument by *John C. Whitney.*

HUGHES, J. There is nothing in the record to indicate that the trial court was guilty of an abuse of discretion in extending the time within which the bill of exceptions could be settled.

In granting plaintiffs' motion for amendment of the proceedings the trial court concluded that the fact that when the appellants were impleaded the plaintiffs had not amended their complaint to seek positive relief against them, did not in any way impair appellants' rights. In this conclusion the trial court was in error. It is clear that had the plaintiffs amended their complaint the appellants would have had the right to set up as a defense contributory negligence on the part of the plaintiff Charles Rhodes, and would also have had the right to implead Charles Rhodes in the case in which Evelyn Rhodes is plaintiff to seek contribution against him for her damages. In the absence of those pleadings appellants had no duty to establish such claims and perhaps no right to.

Even under the elasticity of code pleadings, pleadings should be such that litigants know at least the general position of the parties to the action at the time of trial so that they may be apprised of the charges against which they must defend.

Since the rights of the impleaded defendants have been prejudiced and since the proper disposal of those rights requires the presence of all parties at the trial; because there is no basis in law for the order entered by the trial court granting judgment to the plaintiffs against the impleaded defendants—the judgments must be reversed. Upon the rendition of the verdict the trial court had the right to grant a new trial in the interests of justice if he felt that justice had miscarried, or the duty to dismiss the defendants' cross complaint against the impleaded defendants as well as the complaint of the plaintiffs against the defendants, and nothing more. It is evident the trial court felt that a dismissal of the plaintiffs' causes of action would not be just.

In submitting the special verdict the court asked as the first question:

"Just preceding the collision between the coal truck and the Rhodes automobile did Edward Hansen, the driver of

the box truck, turn left across the center of Broadway for the purpose of entering the box-company driveway?"

The fourth question read:

"If you answer the first question 'No,' then answer this question:

"Just preceding said collision was Vernal Winters [driver of the coal truck] negligent with respect to lookout?"

It is difficult to see why the court required this question to be answered only in the event that the first question should be answered "No." Even though Hansen, the driver of the box truck, was negligent in turning across the path of the coal-company truck, it would appear that there would still be the question of whether Winters, the driver of the coal truck, might not have been able to avoid the accident if he had kept a proper lookout.

Under the broad powers granted to this court by sec. 251.09, Stats.,[1] we order a new trial of the issues between all parties.

*By the Court.*—Judgments reversed and causes remanded for a new trial.

The following opinion was filed February 14, 1950:

BROWN, J. (*dissenting*). The plaintiffs brought their actions only against Shawano Transfer Company, Bruce Dodson & Company, and Vernal Winters, whom the jury

---

[1] 251.09. In any action or proceeding brought to the supreme court by appeal or writ of error, if it shall appear to that court from the record, that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the supreme court may in its discretion reverse the judgment or order appealed from, regardless of the question whether proper motions, objections, or exceptions appear in the record or not, and may also, in case of reversal, direct the entry of the proper judgment or remit the case to the trial court for a new trial, and direct the making of such amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with the statutes governing legal procedure, as shall be deemed necessary to accomplish the ends of justice.

has found, after a fair trial, to be free from negligence. Judgment upon the verdict dismissing the complaint should have been entered and should now be directed.

Until the jury returned its verdict the plaintiffs manifested no belief that they had causes of action against the impleaded defendants. As the majority opinion sets forth, they cannot have judgment against these parties against whom they had not complained. If they now believe causes of action exist they should proceed by summons and complaint in the manner which the statutes have provided for the commencement of actions to enforce such demands, with opportunity to the parties complained against to state their defenses by answer.

That procedure has been found adequate to do justice between the parties in other tort actions and I do not see why it is inadequate here. The procedure now substituted for it overlooks the rights of both the original and the impleaded defendants while doing more for the plaintiffs than justice requires.